OPINION — AG — "IN THE COURSE OF CURRENT AUDIT OF THE BOOKS, RECORDS AND ACCOUNTS OF COUNTY OFFICERS WE HAVE OCCASION TO EXAMINE CLAIMS REPRESENTING RENTALS ON ROAD MACHINERY, AND AFTER ONE OR MORE RENTAL PAYMENTS HAD BEEN PAID SAID ROAD MACHINERY WAS TOTALLY DESTROYED BY FIRE. NO INSURANCE WAS CARRIED ON ROAD MACHINERY BY THE COUNTY COMMISSIONERS OR THE LESSOR. THE COUNTY CONTINUED TO PAY SAID MONTHLY RENTALS UNTIL THE AMOUNT OF THE PURCHASE PRICE WAS PAID, BUT RECEIVED NO OTHER ROAD MACHINERY IN LIEU OF THAT DESTROYED." **** YOU ASK IF THE BOARD OF COUNTY COMMISSIONERS ACTED LAWFULLY IN USING COUNTY FUNDS TO PAY FOR THE ROAD MACHINERY THAT WAS DESTROYED. ANSWER: UPON THE STATED FACTS AND ASSUMPTIONS, THE LEASE AGREEMENT WAS VOID FOR THE REASONS EXPRESSED HEREIN AND THAT THE COUNTY INCURRED NO LIABILITY AS A RESULT THEREOF; FURTHER, REGARDLESS OF THE VALIDITY OF THE CONTRACT, THE PAYMENT FROM REVENUES DERIVED IN FUTURE FISCAL YEARS FOR A LOSS OCCURRING IN A PREVIOUS FISCAL YEAR WAS (WITHOUT A VOTE OF THE PEOPLE) IMPROPER AND CONTRARY TO LAW. CITE: 62 O.S. 1961 310.1 [62-310.1], 62 O.S. 1961 310.2 [62-310.2], ARTICLE X, SECTION 26, 62 O.S. 1961, 430.1-430.3 [62-430.1] — [62-430.3] (BURCK BAILEY) ** SEE: OPINION NO. 71-317 (1971) **